

**U.S. Department of Justice**

***Nathaniel R. Mendell***
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 12, 2021

Stephen Huggard, Esq.
470 Atlantic Avenue, 4th Floor
Boston, Massachusetts 02210
www.huggardlaw.com

    Re:    <u>United States v. Arnold Martel</u>

Dear Counsel:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Arnold Martel ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant will waive Indictment and plead guilty to the Information charging him with one count of tax evasion, in violation of Title 26, United States Code, Section 7201. Defendant agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information. Defendant admits that he committed the crime specified in this count and is in fact guilty of it. Defendant also agrees to the accuracy of the facts set forth in the Information.

2.    <u>Penalties</u>

Defendant faces the following maximum penalties: incarceration for five years; supervised release for three years; a fine of $250,000, or twice the gross gain or loss, whichever is greater; and a mandatory special assessment of $100.

Defendant understands that, if he is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 15:

   a) Defendant's base offense level is 18, because the tax loss caused by his offense, including all relevant conduct, is more than $250,000 but not more than $550,000 (USSG §§ 2T1.1(a)(1) and 2T4.1(G)); and

   b) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) incarceration at the low end of the Guidelines sentencing range as calculated by the parties in Paragraph 3;

   b) a fine within the Guidelines sentencing range as calculated by the parties in Paragraph 3, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   c) twelve months of supervised release;

   d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

  e) restitution of at least $482,489.

Defendant agrees to recommend that the Court order restitution to the Internal Revenue Service ("IRS") in an amount not less than $482,489.

In addition, the parties agree jointly to recommend the following special condition of any term of supervised release or probation:

During the period of supervised release or probation, Defendant must, within six months of sentencing or release from custody, whichever is later:

  a) cooperate with the Examination and Collection Divisions of the IRS;

  b) provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

  c) provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

  d) file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

  e) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

  5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

  a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

  b) He will not challenge any prison sentence of 24 months or less or any court orders relating to restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

c) The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 18 months or more.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence</u> (to the extent set forth in subparagraph (b), above)<u>, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. <u>Protection of Assets for Payment of Fine and Restitution</u>

Without the written approval of the U.S. Attorney, Defendant agrees not to transfer, or to cause or allow anyone else to transfer any asset in which Defendant has an interest.

The parties also agree, however, to the following exceptions to the above. Provided that Defendant has paid restitution of at least $482,489 to the Internal Revenue Service, Defendant is free to transfer, or to cause or allow others to transfer:

a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $35,000;

b) Ordinary living expenses, so long as such assets do not exceed $35,000 per month; and

c) Attorney's fees incurred in this criminal case.

The prohibitions in this paragraph remains in effect until Defendant has paid any fine or additional restitution ordered by the Court.

Defendant also agrees to complete, truthfully and accurately, the enclosed sworn financial statement within 30 days of signing this Agreement.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*  \*  \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Sara Miron Bloom.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: *(signed)*
STEPHEN E. FRANK
Chief
Securities, Financial & Cyber Fraud Unit
JORDI DE LLANO
SETH B. KOSTO
Deputy Chiefs
Securities, Financial & Cyber Fraud Unit

*Sara Miron Bloom*
SARA MIRON BLOOM
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

ARNOLD MARTEL
Defendant

Date: 3 28 21

I certify that Arnold Martel has read this Agreement and that we have discussed what it means. I believe Arnold Martel understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

STEPHEN HUGGARD
Attorney for Defendant

Date: April 6, 2021